IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MANOSCA, | No. C 11-2183 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND** |
| v. | |
| WACHOVIA MORTGAGE, *et al.*, | |
| Defendants. | |

Defendant's motions to dismiss and strike the complaint are scheduled for a hearing on July 29, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion to dismiss the complaint, and GRANTS plaintiff limited leave to amend.[1] If plaintiff wishes to file an amended complaint, the amended complaint must be filed no later than **August 3, 2011**.

**BACKGROUND**

On March 21, 2011, plaintiff Angel Manosca filed this lawsuit in Alameda County Superior

---

[1] The copy of the state court complaint attached to the Notice of Removal is missing page 7, which appears to contain a portion of the factual allegations of the complaint. Notice of Removal, Ex. A. Neither party cited to this portion of the complaint in the briefing on defendant's motion to dismiss, and thus the Court determines that the present motion can be resolved without reference to that portion of the complaint. The Court attempted to obtain page 7 of the complaint from the Alameda County Superior Court online docket (DomainWeb); however, the state court website also does not contain page 7 of the complaint.

Court against Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and NDEX West LLC.[2] The complaint alleges that in April 2005, plaintiff obtained a loan in the amount of $550,000 from World Savings Bank FSB,[3] to finance the purchase of property located at 30257 Cedarbrook Road, Hayward, California. Compl. ¶¶ 2, 35. According to the complaint, the loan is an adjustable rate mortgage with an initial monthly payment of $2,019.19. *Id*. ¶ 35. The monthly mortgage payment was scheduled to change every year. *Id*. The complaint alleges that "[p]laintiff believes the Subject Loan also carries negative amortization provisions," and that those provisions were not disclosed or explained to plaintiff. *Id*. ¶ 36.

The complaint alleges that "[d]efendants indicated Plaintiff was properly qualified for the Subject Loan. However, it is presently unclear how Plaintiff could have qualified based on normal underwriting guidelines. Defendants may have qualified Plaintiff by overstating income through a practice of: 'no document,' 'low documentation,' and/or purposeful relaxing [of] underwriting guidelines: such as ignoring credit scores, loan-to-value and debt-to-income ratios, and/or other factors." *Id*. ¶ 21. The complaint alleges that "[d]efendants' general business practice was to steer borrowers toward a risky loan without adequate disclosure of the real risks of such loans." *Id*. ¶ 22. According to the complaint,

> Defendants induced Plaintiff to accept this risky loan by: (1) failing to clearly and conspicuously disclose how much and how soon the interest rate and monthly payment would increase after the teaser rate expired; (2) failing to clearly and conspicuously disclose whether stated monthly payments included amounts due for insurance and taxes; (3) failing to clearly and conspicuously disclose closing costs and fees; (4) failing to disclose the true costs and risks associated with refinancing after the interest rate adjusted; (5) fraudulent advertisement and acts designed to mask risks of such loans; and (6) a general failure to offer conservative loans that would have been more suitable for the Plaintiff. Defendants failed to explain or disclose in a meaningful manner the terms and conditions of this loan. Defendants have instead provided incomplete or confusing information relative to product features, material loan terms, prepayment penalties, and obligations for property taxes and insurances. Defendants have encouraged Borrower to disregard the risks, such as for example, upward adjusting interest rates, and prepayment penalties, partly because a new loan product[] would continue to be available as needed.

---

[2] Prior to removal, NDEX West LLC filed a Declaration of Non-Monetary Status stating that NDEX was the foreclosure trustee, and that NDEX believed that plaintiff did not assert any claims for monetary relief against it. Notice of Removal, Ex. B.

[3] Defendant Wachovia states that "Wells Fargo Bank, N.A. is essentially the successor to World Savings Bank, FSB." Motion at 1 n.1.

1 *Id*. ¶ 23.

2 The complaint also alleges that defendants have failed to properly service the loan by " (1) failing to accurately credit Plaintiff payments to [his] account; (2) assessing and demanding substantial, unwarranted costs and fees under threat of foreclosure; and (3) pressuring homeowners facing imminent foreclosure to enter into reinstatement or other contracts with oppressive terms, without an opportunity to consult legal counsel." *Id*. ¶ 25.

The complaint alleges that in 2009, plaintiff had difficulties making his monthly mortgage payment, and he applied for a loan modification. *Id*. ¶ 38. According to the complaint, in March 2010, plaintiff received a notification from Wachovia that the minimum monthly payment was increasing to $2,898.78. *Id*. ¶ 39. The complaint states that "[p]laintiff seeks a settlement to include a modification to the terms of his loan," and that "[p]laintiff would like to keep the property if Defendants are willing to consider or offer a reasonable loan modification." *Id*. ¶¶ 15-16.

Defendant Wachovia seeks judicial notice of, *inter alia*, the adjustable rate mortgage note dated April 20, 2005, and signed by plaintiff. Request for Judicial Notice, Ex. G.[4] The note expressly discloses on the first two pages the initial interest rate, the date on which that rate may change, and the basis on which the adjustable rate will be determined, with the relevant figures in bolded, larger type. *Id*. at 1-2. Defendant has also filed a copy of a written loan modification agreement dated October 9, 2007, and signed by plaintiff. *Id*. Ex. H. That agreement provided, *inter alia*, that for a one-year period from October 2007 to October 2008, the loan would bear a fixed rate of interest, but would thereafter revert to the adjustable rate specified in the note. *Id*. at 2, 4.

In 2010, plaintiff fell behind in his mortgage payments, which eventually led to the recording of a notice of default on October 14, 2010. *Id*. Ex. I. Plaintiff did not cure the default, and on January 18, 2011, the trustee recorded a notice of trustee's sale, with a sale date of February 7, 2011. *Id*. Ex. J.[5]

---

[4] The Court GRANTS defendants' request for judicial notice of these documents.

[5] It is unclear from the record whether the trustee's sale occurred. The complaint states in the prayer for judgment that plaintiff seeks to declare the "purported Foreclosure Sale on or about March 21, 2010," as null and void. Compl. at p. 22. However, the complaint appears to contain numerous references to plaintiffs other than plaintiff Angel Manosca, and thus it is unclear whether the March 21, 2010 foreclosure sale relates to Mr. Manosca.

**United States District Court**
For the Northern District of California

On May 11, 2011, defendant filed motions to dismiss and strike the complaint, and after this case was reassigned to this Court, on May 24, 2011, defendant filed amended motions to dismiss and strike the complaint. Plaintiff, who is represented by counsel, did not file oppositions by the June 10, 2011 deadline, and thus on June 21, 2011, the Court issued an Order to Show Cause directing plaintiff's counsel to file a declaration stating why this case should not be dismissed for failure to prosecute. On June 28, 2011, plaintiff's counsel filed a declaration stating that plaintiff intended to prosecute this case and wished to file oppositions to defendants' motions. The Court reset defendant's motions for hearing, and set a briefing schedule on the motions. Plaintiff filed oppositions to both motions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

4

## DISCUSSION[6]

### I.    Cal. Bus. & Prof. Code § 17200

The statute of limitations for a Section 17200 claim is four years. *See* Cal. Bus. & Prof. Code § 17208. The complaint alleges that defendants violated Section 17200 "by making untrue or misleading statements and by causing untrue or misleading statements to be made by the mortgage broker, with the intent to induce Plaintiff to enter into the Subject Loan . . . ." Compl. ¶ 41. Defendant contends that the Section 17200 claim is time-barred because plaintiff entered into the loan in April 2005, more than four years before this case was filed.

Plaintiff's opposition confirms that the basis of the Section 17200 claim is the allegation that defendants "made false and misleading statements to Plaintiff in order to induce him to enter into a loan with unfavorable terms." Opp'n at 4:1-3. Plaintiff does not address defendant's argument that the Section 17200 claim is untimely, nor does plaintiff argue that the statute of limitations was tolled. Accordingly, the Court GRANTS defendant's motion to dismiss this claim without leave to amend.

### II.    Fraud and misrepresentation

The complaint alleges claims for fraud (second cause of action) and misrepresentation (eleventh cause of action). Under the fraud claim, the complaint alleges that "[o]n or about September of 2009 and again on July of 2010, the Defendants told the Plaintiffs [sic] that once they made all the payments required by the Special Forbearance Agreement,[7] the Defendants would process their application for a permanent loan modification." Compl. ¶ 46. The complaint alleges that "[t]he Defendants intended to defraud the Plaintiffs by inducing them to make the Special Forbearance plan payments with the promise that they would be qualified for a permanent loan modification after they made the payments" and "the Defendant knew that these statements were false." *Id*. ¶¶ 47-48. The complaint also alleges that

---

[6] Defendant contends, *inter alia*, that plaintiff's claims are preempted by the Home Owners' Loan Act and the Office of Thrift Supervision regulations promulgated thereunder. Plaintiff's opposition did not address the preemption issue. The Court did not reach this question because plaintiff's claims are deficient on other grounds. If plaintiff amends the complaint, plaintiff is directed to carefully consider preemption when drafting the amended complaint.

[7] The complaint does not explain what the "Special Forbearance Agreement" is, nor is there a copy of this agreement attached to the complaint.

"Defendants knew the fraudulent activities used to induce Plaintiff to accept the Subject Loan, before and during negotiations, including, for example: a) that the assessed value of the Subject Property was not inflated; b) that Plaintiff was properly qualified to make payments for the life of the loan based on their [sic] current income; c) that Plaintiff could easily refinance whenever it became necessary; d) that any prepayment penalties would be waived if Plaintiff refinanced; and e) other fraudulent statements detailed in this complaint." *Id.* ¶ 52; *see also id.* ¶¶ 53-59 (alleging that "numerous statements" were made to plaintiff to fraudulently induce plaintiff to enter into the loan). Under the misrepresentation claim, the complaint alleges that "[i]n or around April 2005, Defendants made false representations to Plaintiff as described above." *Id.* ¶ 116.

Defendant moves to dismiss the fraud and misrepresentation claims on numerous grounds. First, defendant correctly contends that these claims lack particularity. To determine if the elements of fraud have been sufficiently pleaded, the Court looks to state law. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). In California, the elements of fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Id.* Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity requirement. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). To comply with Rule 9(b), fraud allegations must be specific enough to give defendants notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the claim. *Bly-McGee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). For corporate defendants, a plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Dubin v. BAC Home Loans Servicing*, No. C-10-05065 EDL, 2011 WL 794995, at *5-6 (N.D. Cal. Mar. 1, 2011); *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

Plaintiff's fraud and misrepresentation claims fail to meet these standards. The complaint fails to state who made the purported representations, their authority to speak on behalf of defendants, to whom they spoke, precisely what was said, and when the representations were made. *Tarmann*, 2 Cal. App. 4th at 157. These allegations do not meet the particularity requirements of Rule 9(b).

Defendant also contends that to the extent the fraud and misrepresentation claims are based on

statements made at the origination of the loan in April 2005, those claims are time-barred. The statute of limitations for fraud and misrepresentation claims is three years. *See* Cal. Code Civ. Proc. § 338(d). Plaintiff's opposition does not address the statute of limitations argument, nor does plaintiff assert that there is any basis for tolling. Accordingly, the Court holds that the fraud and misrepresentation claims are untimely to the extent they are based on allegedly fraudulent statements made at the origination of the loan in April 2005.

Finally, defendant contends that to the extent plaintiff is asserting a claim for fraudulent concealment, that claim fails as a matter of law. Paragraph 54 of the complaint alleges that Wells Fargo "failed to disclose key loan information," such as how much and how soon the interest rate would increase after the teaser rate expired, failing to disclose whether monthly payments included amounts due for insurance and taxes, failing to disclose closing costs and fees, and failing to disclose the true costs and risks associated with refinancing. Compl. ¶ 54. Defendant argues that under California law, "[t]he general rule for liability for nondisclosure is that even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose," *Kovich v. Paseo Del Mar Homeowners' Ass'n.*, 41 Cal. App. 4th 863, 866 (1996), and "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff does not respond to defendant's arguments regarding fraudulent concealment.

The Court concludes that *Nymark* and *Kovich* bar plaintiff's claim for fraudulent concealment. Wells Fargo did not owe plaintiff a duty of care because Wells Fargo acted solely as a lender of money. *See Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (plaintiffs could not state a claim for fraudulent misrepresentation and concealment alleging that lender based loan on fabricated income statement and falsely assured them loan was affordable because lender did not owe a fiduciary duty to borrowers).

Accordingly, the Court GRANTS defendant's motion to dismiss the fraud and misrepresentation claim, and GRANTS plaintiff limited leave to amend. If plaintiff chooses to amend this claim, plaintiff must plead the fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b), the

7

claim must be based on events that fall within the three year statute of limitations, and the fraud claim may not be predicated on a theory of fraudulent concealment.

### III.    Breach of the implied covenant of good faith and fair dealing

The complaint alleges that defendants breached the implied covenant of good faith and fair dealing by (1) "fail[ing] to apply Plaintiff's extra payments to interest that was not legitimately owed by the Plaintiff," and (2) "refusing to refinance and charging unconscionable monthly payments that Defendant knew were well beyond Plaintiff's actual ability to pay."  Compl. ¶ 62.

Defendant contends that the first allegation is insufficient to state a claim because, *inter alia*, plaintiff alleges that defendants' failure to apply extra payments to "interest that was not legitimately owed" also constitutes a breach of contract.  *See* Compl. ¶ 84.  The Court agrees.  "[W]here breach of an actual term is alleged, a separate implied covenant claim, based on the same breach, is superfluous." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 327 (2000); *Smith v. Int'l Bhd. Of Elec. Workers*, 109 Cal. App. 4th 1637, 1644 n.3 (2003) ("A breach of the covenant of good faith and fair dealing does not give rise to a cause of action separate from a cause of action for breach of the contract containing the covenant.").

With regard to plaintiff's second allegation, defendant asserts that it has been "unable to find any authority supporting the extraordinary and nonsensical proposition that a loan agreement contains an implied obligation to modify the agreement (in some unstated measure) if one party later – here, years later – becomes unable to perform (ie., breaches the contract)."  Motion at 12:19-21.  Defendant argues that the covenant of good faith and fair dealing is implied to protect the express terms of the contract, which here permits the lender to charge an adjustable interest rate calculated pursuant to the contract's terms.

"The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes."  *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988); *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992) ("[T]he implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create

8

obligations not contemplated in the contract."). Courts have held that lenders do not have an obligation to ensure that a borrower can afford a loan, *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th at 435-36, and that there is no right under California law to a loan modification. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231 (2010) (analyzing California's Perata Mortgage Relief Act). Plaintiff has not cited any authority for the proposition that he can bring a claim for breach of the covenant of good faith and fair dealing based on a lender's failure to modify a loan, and instead simply asserts, incorrectly, that defendants owe plaintiff a duty of care. Based upon the authority cited *supra*, the Court GRANTS defendant's motion to dismiss this claim without leave to amend.

## IV. Conversion

Plaintiff's conversion claim alleges that "[b]y raising the monthly payment rate, Defendants extracted from Plaintiff a higher amount than Plaintiff legitimately should have paid." Compl. ¶ 66. "Further, as required by Defendants' own policies, any payments made in excess of the amount owed should have been applied directly to the principal of the account. Defendants violated the Residential Mortgage Loan contract and their own policies by applying the extra payments to interest that was not legitimately owed by Plaintiff." *Id*.

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Mendoza v. Rast Produce Co.*, 140 Cal. App. 4th 1395, 1404-05 (2006).

Defendant moves to dismiss the conversion claim on numerous grounds, including that plaintiff has not alleged that defendants committed a "wrongful act." Plaintiff's opposition does not address the conversion claim in any way, and accordingly the Court concludes that plaintiff has abandoned this claim. In any event, the Court agrees with defendant that the complaint does not allege the elements of a conversion claim. The adjustable interest rate was authorized by the express terms of the loan, and plaintiff has not alleged any facts showing why it was "wrongful" to adjust the interest rate. Similarly, the complaint does not allege any facts showing that defendant wrongfully applied extra payments to "interest that was not legitimately owed by Plaintiff." The Court GRANTS defendant's motion to

1  dismiss the conversion claim without leave to amend.

### V. Breach of fiduciary duty

For a breach of fiduciary duty claim, "the applicable statute of limitations is determined by – as variously phrased – the nature of the right sued upon, the primary interest affected by the defendant's wrongful conduct, or the gravamen of the action." *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assoc., Inc.*, 115 Cal. App. 4th 1145, 1158-59 (2004). The complaint alleges that defendants breached their fiduciary obligations to plaintiff by,

> a) the mortgage broker fraudulently enticing Plaintiff to accept the Subject Loan; b) lower underwriting standards utilized without consideration of Plaintiff['s] ability to pay; c) general policy of pushing high risk loans against Plaintiff['s] best interest; d) focus on undisclosed profits for this and similar transactions which were not disclosed to Plaintiff; and e) inflated property value based on Defendants' business practices and a variety of means, which increased the loan amount.

Compl. ¶ 74. Defendant asserts that these allegations are based on fraud and/or negligence occurring at or before the closing of the loan in April 2005, and that the applicable statute of limitations would be three years (fraud) or two years (negligence). *See* Cal. Code Civ. Proc. §§ 338(d), 335.1. Thus, defendant argues that plaintiff's breach of fiduciary duty claim became time-barred in either April 2007 or April 2008.

Plaintiff's opposition does not respond to defendant's statute of limitations argument, and instead simply asserts that Wachovia is a proper defendant because Wachovia is the holder of the loan. Opp'n at 4:7-11. However, whether Wachovia may be sued as the holder of the loan is a distinct question from whether plaintiff's claims are time-barred. Plaintiff has not advanced any argument why the breach of fiduciary duty claim is timely, and accordingly, the Court GRANTS defendant's motion to dismiss without leave to amend.

### VI. Breach of contract

The complaint alleges that "[d]efendants have failed to perform upon their promises made to induce Plaintiff to enter the loan." Compl. ¶ 82. The complaint also alleges that "[d]efendants failed to accurately credit homeowners' payments to their [sic] accounts, assessing and demanding substantial,

unwarranted costs and fees under threat of foreclosure, and other behavior in breach of the contracts," and that defendants "violated the loan contract by applying extra payments to interest that were [sic] not legitimately owed by plaintiffs." *Id*. ¶¶ 83-84.

Defendant contends that to the extent the breach of contract claim is based on oral or written promises made at or before the closing of the April 2005 loan, those claims are time-barred. The Court agrees. The statute of limitations is two years for breach of oral contract and four years for breach of written contract. *See* Cal. Code Civ. Proc. §§ 337, 339. Further, any alleged oral agreement relating to the loan is barred by California's statute of frauds. *See* Cal. Civ. Code § 1624(a)(6) ("(a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: . . . (6) An agreement by a purchaser of real property to pay an indebtedness secured by a mortgage or deed of trust upon the property purchased, unless assumption of the indebtedness by the purchaser is specifically provided for in the conveyance of the property."); *see also Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552-54 (2008).

Defendant contends that plaintiff's allegation that defendant breached the contract by failing to accurately credit or apply plaintiff's payments is too vague to state a claim. The Court agrees. Plaintiff must plead facts sufficient to show that he is entitled to relief on the breach of contract claim. *See Twombly*, 550 U.S. at 555, 570; *see also Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity."). Here, the complaint does not specify what terms of the contract were breached by defendants. The complaint does not identify what payments were not credited to plaintiff's account, what "unwarranted costs and fees" were imposed, what "other behavior in breach of the contracts" occurred, and the complaint does not allege any facts showing why the interest charges were not legitimate.

Accordingly, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend the breach of contract claim. If plaintiff chooses to amend this claim, the amended claim must be based on alleged breaches of a written contract that fall within the statute of limitations, and plaintiff must plead specific facts showing that defendant breached the contract.

11

### VII. Negligence

The complaint alleges that defendants "had a duty of care to act as a reasonable lender in lending to Plaintiff and to not place Plaintiff into a risky or unaffordable loan." Compl. ¶ 90. Defendant contends that plaintiff's negligence claim fails as a matter of law because "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. at 1096; *see also Perlas*, 187 Cal. App. 4th at 436 ("A lender owes no duty of care to the borrowers in approving their loan.") (internal quotations omitted). Defendants also contend that the negligence claim is untimely because the claim is based on conduct that occurred either prior to, or at, the closing of the loan in April 2005, and thus it is barred by the two year statute of limitations for negligence claims. *See Hydro-Mill Corp.*, 115 Cal. App. 4th at 1154; Cal. Code Civ. Proc. § 335.1.

Plaintiff's opposition does not address any of defendant's arguments. The Court concludes that plaintiff's negligence claim fails as a matter of law, *see Nymark*, 231 Cal. App. 3d at 1096, and that it is untimely. The Court GRANTS defendants' motion to dismiss without leave to amend.

### VIII. Negligent infliction of emotional distress

In order to state a claim for negligent infliction of emotional distress, a plaintiff must show that the defendant owed the plaintiff a duty of care. *See Lawson v. Mgmt. Activities*, 69 Cal. App. 4th 652, 656-57 (1999). For the reasons stated above, the Court concludes that defendants did not owe plaintiff a duty of care. Accordingly, the Court GRANTS defendant's motion to dismiss without leave to amend.

### IX. Intentional infliction of emotional distress

Claims for intentional infliction of emotional distress are governed by a two year statute of limitations. *See Pugliese v. Superior Court*, 146 Cal. App. 4th 1444, 1450 (2007); Cal. Code Civ. Proc. § 335.1. The complaint alleges that defendants engaged in extreme and outrageous conduct because they "intended to place Plaintiff into an inappropriate and unaffordable loan." Compl. ¶¶ 103-04. As with plaintiff's other claims, defendant contends that the IIED claim is untimely because is it based on conduct prior to or at the time of the loan in April 2005.

Plaintiff does not respond to the statute of limitations argument, and instead simply asserts that the complaint adequately alleges the elements of an IIED claim. The Court concludes that the IIED claim is time-barred, and GRANTS defendant's motion to dismiss without leave to amend.

## X. Predatory lending

The complaint alleges that defendants engaged in predatory lending in violation of California Financial Code §§ 4970-4979.8. Specifically, the complaint alleges that defendants violated Cal. Fin. Code § 4973 by "steering, counseling, and directing Plaintiff[] to accept a loan product that has a specified risk grade less favorable than another risk grade for which [he] could have qualified." Compl. ¶ 110. The complaint also alleges that defendants violated § 4973 "which states that the person who originates the loan must reasonably believe that the consumer has the ability to repay the loan." *Id.* ¶ 112.

The statute of limitations for a claim under § 4973 is one year. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127-28 (N.D. Cal. 2010) (citing Cal. Code Civ. Proc. § 340). This case was filed well past the one year statute of limitations, and accordingly the Court GRANTS defendant's motion to dismiss without leave to amend.

## CONCLUSION

For the reasons stated above, the Court GRANTS defendant's motion to dismiss the complaint, and GRANTS plaintiff limited leave to amend in accordance with this order. The Court DENIES defendant's motion to strike as moot. Docket Nos. 15-16. If plaintiff wishes to file an amended complaint, the amended complaint must be filed no later than **August 3, 2011**.

**IT IS SO ORDERED.**

Dated: July 20, 2011

SUSAN ILLSTON
United States District Judge